Honorable William J. Connelie Superintendent State Police
You have asked whether the Division of State Police may lease a building owned in whole or in part by an officer or employee of the Division. You also ask whether the Division may continue an existing lease if, during the term of the lease, an officer or employee of the Division acquires an ownership interest in the leased building. Finally, you ask whether this lease may be renewed.
Sections 73 and 74 of the Public Officers Law set forth the legislative policy of the State in the conflict of interest area (Rapp v Carey, 44 N.Y.2d 157, 163-164 [1978]). These sections establish ethical standards for the guidance of public officers and employees to protect them and the interests of the people they serve (Governor Thomas E. Dewey's Approval Message, chs 695 and 696, Laws 1954). The Division of State Police as a "Division" in the Executive Department is a "State agency" as defined in sections 73 and74 of the Public Officers Law (Executive Law, § 210; Public Officers Law, §§ 73[1] and 74[1]).
Section 73(4) of the Public Officers Law specifically prohibits the sale of goods or services valued in excess of twenty-five dollars by an officer or employee of a State agency to a State agency, except through an award or contract let after competitive bidding. The leasing of real property is obviously not amenable to competitive bidding. Thus, it cannot be used to insulate an officer or employee from charges of self-dealing. Nevertheless, the lease of real property by an employee of a State agency to his employer has the potential for the evils of self-dealing. Section74(3)(h) of the Public Officers Law provides that "an officer or employee of a state agency * * * should endeavour to pursue a course of conduct which will not raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust". We believe that an officer or employee of the Division who leases land to the Division would be in violation of this provision. The public might view such a transaction as carrying the taint of self-dealing.
Section 74(3)(e) of the Public Officers Law provides that "no officer or employee of a state agency * * * should engage in any transaction as representative or agent of the state with any business entity in which he has a direct or indirect financial interest that might reasonably tend to conflict with the proper discharge of his official duties." If the owner of the property also has the authority to approve the lease on behalf of the Division, we believe the person would also be in violation of section 74(3)(e).
Second, you ask whether the Division may continue to occupy a building under a lease negotiated with a non-employee, where, during the term of the lease, the building was purchased by an employee of the Division who now holds the building as sole owner or as tenant in common with a non-employee. The lease was initially negotiated at arms length with a person not an officer or employee of the State. However, the purchase of the property by the officer or employee of the Division might be considered improper as raising a suspicion that the officer or employee is likely to be engaged in conduct in violation of the public trust (id., § 74[3][h]). If the Division had had notice that one of its officers or employees was about to engage in such conduct, the Division should have acted to prevent it and perhaps taken appropriate disciplinary action if the officer or employee proceeded. If the Division first learns of the transfer of ownership after the fact, you might consider whether it is desirable to continue the relationship of landlord and tenant between an officer or employee and the Division. However, we are aware of no provision of landlord-and-tenant law that would permit the Division to cancel such a lease solely because of the change in ownership.
Finally, you ask whether this lease may be renewed. Initially, the lease was negotiated at arms length with a non-employee. The building may have been selected for unique characteristics that made it particularly suitable for Division purposes or may have been the only building available in the area. Further, moving to a different location may involve a considerable expense. For these reasons, it may be prudent to renew the lease. However, a renewal involving a renegotiation of any terms* could result in violations of section 74(3)(h) or (3)(e) of the Public Officers Law. Even a renewal upon the same terms (if still beneficial to the Division) might give rise to an appearance of impropriety resulting in violations of section 74(3)(h). Should you desire a definitive ruling as to whether renewal in the future is appropriate, you might request an advisory opinion based on the relevant facts (Executive Law, § 74).
We conclude that a State agency should not lease a building from one of its officers or employees. If an officer or employee of a State agency acquires an interest in property already under lease to the agency, there is no basis in landlord-and-tenant law for cancelling the lease solely because of change in ownership.
* If market rents have increased or decreased since the negotiation of the initial lease, a renegotiation may be desired by one of the parties.